**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MITCHELL WALL,

        Plaintiff,

   v.

JONATHAN C. MINER, Warden, et al.,

        Defendants.

Case No. 3:07-CV-1127

(Judge Kosik)

## MEMORANDUM AND ORDER

NOW, this 17th day of April, 2008, it appearing to the court that:

(1) Plaintiff, Mitchell Wall, an inmate confined at the U.S. Penitentiary at Allenwood, filed on June 25, 2007 the above-captioned action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), regarding allegedly inadequate dental treatment that he received;

(2) Plaintiff alleges that the dental care he received in response to complaints of dental pain of which he complained in a June 28, 2006 administrative grievance was inadequate. According to Plaintiff, the dentist who treated Plaintiff "refused to work on two teeth" and the dentist required him to "make a choice even though both teeth [were] in extreme pain." Plaintiff was notified that the care he received was adequate, and Plaintiff appealed this determination;

(3) According to Plaintiff, during the grievance appeals process, Plaintiff continued to suffer dental maladies as a result of the alleged lack of treatment. Plaintiff additionally alleges that the delay in his treatment caused him to lose two teeth and suffer extreme pain.

(4) Defendants filed a motion to dismiss on November 5, 2007. Defendants argue that Defendants Houck and Hennigan should be dismissed because they are not

proper parties in a <u>Bivens</u> action.  Defendants also argue that the remaining defendants should be dismissed because Plaintiff has failed to allege sufficient personal involvement by them in any violation of plaintiff's constitutional rights and Plaintiff cannot establish liability against them on a theory of respondeat superior.

(5)  This matter was assigned to Magistrate Judge Malachy E. Mannion;

(6)  The parties filed appropriate briefs pursuant to the defendants' motion to dismiss the complaint, and the Magistrate Judge issued a Report and Recommendation on March 21, 2008;

(7) In the Report and Recommendation, the Magistrate Judge concluded that the Public Health Service Act provides that a lawsuit under the Federal Tort Claims Act is the exclusive remedy for personal injury arising from the performance of dental services by any employee of the Public Health Service while acting within the scope of his employment.  Therefore, Defendants Houck and Hennigan must be dismissed because they cannot be sued in a <u>Bivens</u> action;

(8) With regard to the remaining defendants, the Magistrate Judge concluded that "the fact that the non-medical defendants responded to the plaintiff's complaints by deferring to the recommendations and treatment of the dental staff is not actionable by way of a <u>Bivens</u> complaint and the defendants' motion to dismiss the plaintiff's Eighth Amendment claim against the remaining defendants should be granted."

(9) Neither Plaintiff nor Defendants filed objections to the Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(10) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150–53 (1985).  Nonetheless, the usual

practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(11) Having considered the Magistrate Judge's Report, we agree with the recommendation;

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated March 21, 2008 is **ADOPTED**;

(2) The defendants' motion to dismiss is **GRANTED**;

(3) The defendants' motion for a protective order is **DISMISSED AS MOOT**;

(4) The plaintiff's motion for extension of time is **DISMISSED AS MOOT**; and

(5) The Clerk of Court is directed to **CLOSE** this case and to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.


*s/Edwin M. Kosik*
United States District Judge